UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| US BANK TRUST N.A., <br> as trustee of Citigroup Mortgage <br> Loan Trust 2019-E, <br> <br> Plaintiff <br> <br> v. <br> <br> WARREN G. COUSINS JR. et al., <br> <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 2:22-cv-00323-JAW <br> ) <br> ) <br> ) <br> ) |

RECOMMENDED DISMISSAL

US Bank Trust N.A., as trustee of Citigroup Mortgage Loan Trust 2019-E, initiated this foreclosure action in October 2022.  *See* ECF No. 1.  It filed proof of service on defendants Warren G. Cousins Jr. and Kristi Cousins as well as on parties-in-interest LVNV Funding LLC and US Bank Trust N.A., as trustee of NRZ Recovery Trust, in November 2022, *see* ECF Nos. 5-8, but did not file proof of service on party-in-interest Helen Cousins.  The served parties failed to file responsive pleadings by their answer deadlines, but US Bank Trust did not move for entry of default, which prompted this Court to issue an order to show cause in January 2023 ordering US Bank to show cause why the matter should not be dismissed for lack of prosecution.  *See* ECF No. 9.

In response to the order to show cause, US Bank filed a motion to extend by thirty days the deadlines to file motions for default and for filing proof of service on Helen Cousins.  *See* ECF No. 10.  As a basis for its motion, US Bank noted that

1

Warren and Kristi Cousins had entered into a trial modification plan for the loan underlying the action. *See id.* I granted the motion and set a deadline of February 17, 2023, for the filing of motions for default and proof of service on Helen Cousins. *See* ECF No. 13.

US Bank did not file motions for default or proof of service on Helen Cousins by February 17, 2023. On February 22, 2023, I issued a second order to show cause directing US Bank to show cause by March 8, 2023, why it failed to comply with the deadline and warning that if it did not do so its case could be dismissed. *See* ECF No. 14. US Bank did not respond to my order to show cause by March 8, 2023; nor has it done so since then.

Dismissal is warranted for US Bank's failure to prosecute and to comply with this Court's orders and deadlines. *See, e.g.*, *Bloomquist v. Cloutier*, No. 2:16-cv-00337-DBH, 2017 WL 1393793, at *1-2 (D. Me. Mar. 30, 2017) (rec. dec.) (holding that dismissal was warranted for a plaintiff's failure to prosecute and to comply with multiple court orders), *aff'd*, 2017 WL 1389457 (D. Me. Apr. 18, 2017); *see also Diaz-Santos v. Dep't of Educ.*, 108 F. App'x 638, 640 (1st Cir. 2004) ("A district court's inherent powers to sanction parties for litigation abuses include the power to act *sua sponte* to dismiss a suit for failure to prosecute."); *Unitronics (1989) (R"G) Ltd. v. Gharb*, 85 F. Supp. 3d 118, 126 (D.D.C. 2015) ("[D]istrict courts may . . . sua sponte dismiss a complaint under [Fed. R. Civ. P.] 41(b) for failure to comply with a court order.").

Although I find US Bank's complete indifference to this Court's deadlines and orders frustrating—not least because it creates a great deal of unnecessary work for the Court—I appreciate that US Bank has apparently worked out an arrangement with the homeowners to avoid foreclosure. Accordingly, I recommend that the dismissal be without prejudice. *See Pomales v. Celulares Telefónica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003) (noting that dismissal with prejudice is a severe sanction that is only "appropriate in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance" (cleaned up)); *Companion Health Servs. v. Kurtz*, 675 F.3d 75, 85 (1st Cir. 2012) (noting that courts must consider "significant and legitimate mitigating excuses" before imposing sanctions).

For all these reasons, I recommend that the Court **DISMISS** this action without prejudice.

## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: March 17, 2023

/s/ Karen Frink Wolf  
United States Magistrate Judge